RALPH CERRATA, Appellant, *v.* LAURA BURT COSTELLO, Also Known as LAURA BURT STANFORD, Respondent.

Second Department, April 17, 1925.

Auctions — action to recover back down payment made on property bid in at auction — auctioneer engaged third person to bid on property — said third person raised plaintiff's bid — sale was invalid — plaintiff may recover though owner had no actual knowledge of puffing.

The plaintiff who bid in a piece of real property at an auction is entitled to recover back the down payment on the ground that the sale was invalid, since it appears that a third person was engaged by the auctioneer to bid on the property for the purpose of running up the price, and that he did actually compel plaintiff to raise his bid by $1,500.

The sale was invalid though the owner of the property had no actual knowledge of the puffing by the third person, for the auctioneer acted as the agent of the owner.

APPEAL by the plaintiff, Ralph Cerrata, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Richmond on the 12th day of June, 1924, upon the decision of the court rendered after a trial at the Richmond Special Term.

*Ralph Cerrata* [*Frank H. Innes* with him on the brief], appellant in person.

*Bertram G. Eadie,* for the respondent.

JAYCOX, J.:

The plaintiff attended an auction sale of the defendant's property. He bid upon one parcel of property, which was struck down to him for the sum of $12,500. Later he ascertained that one William Cava had been employed by the auctioneer to bid on this parcel for him up to the sum of $12,250. The evidence shows that the bidding began on this parcel at the sum of $10,000; that various bids were made by the plaintiff, Cava and some others until $11,000 was bid. After that all of the bids were made by Cava and the plaintiff. The last bid made by Cava was $12,250. The plaintiff signed the terms of sale and paid down ten per cent of the purchase money, $1,250, and an auctioneer's fee of $25. This action is brought to recover these sums. At the close of the plaintiff's case the defendant moved to dismiss upon the ground that the facts proved did not constitute a cause of action.

The plaintiff's contention is that the employment of Cava as a puffer rendered the sale void. This contention is well supported by authority. It has long been held that a sale at auction to be legal must be just what it purports to be — an offer by the owner to sell his property to the person who will bid the highest price for it, and that the secret employment of puffers or by-bidders for the purpose of enhancing the price renders the sale void. (*Veazie* v. *Williams,* 8 How. [U. S.] 134; *Bowman* v. *McClenahan,* 20 App. Div. 346.)

The respondent urges that this rule has no application to this case because it has not been shown that the owner of the property had any knowledge of the auctioneer's employment of Cava to bid on the property. Such knowledge is immaterial. The auctioneer, for the purposes of the sale, represents the owner and his acts are those of the owner. Any fraud perpetrated by him is chargeable to the owner. (*Curtis* v. *Aspinwall,* 114 Mass. 187, 195; *Veazie* v. *Williams, supra.*) The fact that the auctioneer

asked Cava to bid " for him ", does not take this case out of the general rule stated above. The auctioneer cannot bid for himself at an auction conducted by him. (6 C. J. 834; *Veazie* v. *Williams, supra.*)

The judgment should be reversed upon the law and a new trial granted, costs to abide the event.

KELLY, P. J., MANNING, YOUNG and KAPPER, JJ., concur.

Judgment reversed upon the law and new trial granted, costs to abide the event.